[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13676

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JUSTIN HAROLD KRUMWIEDE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:22-cr-00034-AW-MAL-1

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Justin Krumwiede appeals his statutory-maximum sentence of 720 months' imprisonment for 2 counts of production of child pornography.  Krumwiede argues on appeal that his statutory-maximum sentence is substantively unreasonable because it is a *de facto* life sentence and because the district court did not appropriately consider his acceptance of responsibility and the need to avoid sentencing disparities between similarly situated defendants.

We review a sentence for substantive reasonableness under the deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  The party challenging the sentence has the burden of showing that the sentence is unreasonable based on the facts of the case, the 18 U.S.C. § 3553(a) factors, and the deference owed the sentencing court.  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

A court can abuse its discretion in three ways: (1) by failing to consider relevant factors, (2) by considering improper factors, or (3) by committing a clear error in judgment in its assessment of the relevant factors.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).  The proper factors are listed in § 3553(a) and include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, the need to promote respect for the law and to provide just punishment for the offense, the need to afford adequate deterrence, the need to

protect the public, and the need to avoid unwarranted sentencing disparities between similarly situated defendants.    18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(6).  The district court holds significant discretion in deciding how to weigh the § 3553(a) factors, and we cannot substitute our own judgment on review. *United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014).  A sentencing court does not need to give equal weight to all factors. *Rosales-Bruno*, 789 F.3d at 1254.  We ordinarily expect sentences within a defendant's guideline range to be reasonable.  *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009).

We have upheld as substantively reasonable lengthy sentences based on consecutive statutory maximums for cases involving child sex crimes.  *See, e.g.*, *United States v. Boone*, 97 F.4th 1331, 1335, 1338, 1343 (11th Cir. 2024) (upholding as reasonable an 840-month sentence, based on consecutive statutory maximums, for sexually abusing a 4-year-old and producing child pornography of the abuse); *United States v. Isaac*, 987 F.3d 980, 983-84, 988, 996 (11th Cir. 2021) (upholding as reasonable a 960-month sentence, based on consecutive statutory maximums, for sexually abusing a 13-year-old victim, creating child pornography of the abuse, and possessing other child pornography); *Sarras*, 575 F.3d at 1196, 1209, 1221 (upholding as reasonable a 1,200-month sentence, based on consecutive statutory maximums, for persuading a minor child to engage in sexually explicit activity for the purpose of producing child pornography).  We have upheld such lengthy sentences even when we recognized that it was unlikely that the defendant would outlive the sentence.  *See, e.g.*, *Isaac*, 987 F.3d at 996 ("[T]he district

court did not abuse its discretion and act unreasonably in imposing a sentence that the defendant either was highly unlikely to, or could not possibly, outlive."). We have also stated that "a sentence which may result in a defendant passing away while in custody, however tragic, is neither automatically a life sentence nor presumptively unreasonable." *United States v. Mosquera*, 886 F.3d 1032, 1052 (11th Cir. 2018).

The "[d]efendant bears the burden of showing that an unwarranted sentencing disparity renders his sentence substantively unreasonable." *United States v. Johnson*, 980 F.3d 1364, 1386 (11th Cir. 2020). "Although a district court must 'avoid unwarranted sentence disparities' among similarly situated defendants, . . . '[a] well-founded claim of disparity . . . assumes that apples are being compared to apples.'" *United States v. Sotis*, 89 F.4th 862, 880 (11th Cir. 2023) (alteration and second ellipsis in original) (citation omitted) (quoting 18 U.S.C. § 3553(a)(6); *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009)).

"A district court's failure to specifically mention certain mitigating factors 'do[es] not compel the conclusion that the sentence crafted in accordance with the § 3553(a) factors was substantively unreasonable'" because "'[t]he district court is not required to explicitly address each of the § 3553(a) factors or all of the mitigating evidence.'" *United States v. Al Jaberi*, 97 F.4th 1310, 1330 (11th Cir. 2024) (first alteration in original) (quoting *United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010); *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021)). "Instead, '[a]n acknowledgment the district

court has considered the defendant's arguments and the § 3553(a) factors will suffice.'" *Id.* (alteration in original) (quoting *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008)).

Here, the district court did not abuse its discretion by imposing the statutory maximum sentence. *See Gall*, 552 U.S. at 51. Specifically, the district court did not fail to consider relevant sentencing factors, did not consider any improper factors, and did not commit a clear error in judgment in its assessment of the relevant factors. *See Irey*, 612 F.3d at 1189.

In determining Krumwiede's sentence, the district court emphasized that his crimes were horrific, pointing to the number of victims, the young age of the victims, the fact that Krumwiede had been in a relationship of trust with the victims, Krumwiede's forcible rape of one of the victims, and the length of time over which he had committed his crimes. The court also stated that Krumwiede was a "dangerous sexual predator," given his past conviction for having sex with a teenager and the number of victims in this case. Further, it cited the need for deterrence and the need to protect the public. All of these factors are proper under § 3553(a). *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C).

Krumwiede argues that the district court failed to adequately consider relevant factors, specifically, his acceptance of responsibility and the need to avoid sentencing disparities between similarly situated defendants. However, the district court stated that it considered all of the § 3553(a) factors and all of the arguments made at sentencing, which was all that was required of it in

relation to those mitigating factors. *Al Jaberi*, 97 F.4th at 1330. Further, the district court explicitly stated that it considered Krumwiede's acceptance of responsibility, but felt that the other factors outweighed it, which was an appropriate judgment in light of the discretion owed to it in weighing the sentencing factors. *Dougherty*, 754 F.3d at 1361; *Rosales Bruno*, 789 F.3d at 1254.

Lastly, the district court did not commit a clear error in judgment in its analysis of the sentencing factors. It determined that the statutory maximum sentence was appropriate in light of the horrific nature of Krumwiede's crimes and his previous conviction of a sex offense with a minor victim. There was no error in judgment in this analysis, especially in light of the deference afforded to the district court in weighing the sentencing factors and the fact that the sentence was within the guideline range. *See Dougherty*, 754 F.3d at 1361; *Sarras*, 575 F.3d at 1220. Further, this Court has upheld as reasonable similar sentences based on similar offenses. *See, e.g., Boone*, 97 F.4th at 1335, 1338, 1343; *Isaac*, 987 F.3d at 983 84, 988, 996; *Sarras*, 575 F.3d at 1196, 1209, 1221. The fact that Krumwiede's sentence may be a de facto life sentence, given its length and his age, does not make it unreasonable in light of this Court's precedent. *See Isaac*, 987 F.3d at 996; *Mosquera*, 886 F.3d at 1052. Additionally, the statistical sentencing data cited by Krumwiede does not prove that his sentence is unreasonable. Although Krumwiede cited to statistics for defendants with general offense characteristics similar to his, he did not show that those defendants committed the same specific type of conduct for which he was convicted, as was his burden. *See Johnson*, 980 F.3d at 1386;

*Sotis*, 89 F.4th at 880.  For example, he did not show that any specific defendant who received sentences near the averages cited in the data committed their offenses against the same number of victims, against victims of similar ages, or for similar amounts of time. Regardless, the need to avoid sentencing disparities is only one factor, and the district court was permitted to give other factors greater weight.  *See Rosales Bruno*, 789 F.3d at 1254.

In sum, because the district court did not consider any improper sentencing factors, considered all relevant factors, and did not commit any clear error in judgment in its analysis of the factors, it did not abuse its discretion in imposing the statutory maximum sentence, and Krumwiede's sentence is substantively reasonable. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**